```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION

DELLA MOSS,
                        Plaintiff,
v.
                                    Case No.  3:07-cv-314-J-33MCR

CONSOLIDATED CITY OF JACKSONVILLE,
FLORIDA,

                        Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Motion of Plaintiff Requesting Assignment of Case to a District Judge (Doc. # 10), filed on August 15, 2007, and Motion by Plaintiff Requesting Honorable Court to Continue Plaintiff's Case (Doc. # 15), filed on September 17, 2007.  For the reasons that follow, the Motion of Plaintiff Requesting Assignment of Case to a District Judge is denied as moot, and the Motion by Plaintiff Requesting Honorable Court to Continue Plaintiff's Case is construed as a response to this Court's Order to Show Cause and is terminated.

Plaintiff filed her pro se complaint against the City on April 19, 2007. (Doc. # 1).  Plaintiff's complaint is not organized into counts.  Among other things, she alleges, "since 2004 at various times, employees of Defendant City Planning and Development Dept. And Neighborhoods Dept. following custom and practice, officially ordered or sanctioned, consciously chose intentionally and without good cause not warrant to proceed to Plaintiff's farm where they conducted illegal searches." (Doc. # 1 at 3).  Plaintiff further

alleges that she "has suffered and still suffers great injury due to Defendant's violations" and "seeks relief from Defendant's taking any action using the fruits of illegal searches, and so requests that the Court order all such fruits be suppressed immediately and barred from any action against Plaintiff by Defendant, as preliminary and permanent injunctive relief." (Doc. # 1 at 4). Plaintiff requests damages, as well as attorney's fees and costs. (Doc. # 1 at 3). Reading Plaintiff's complaint generously, it appears that she is proceeding under 42 U.S.C. § 1983 to vindicate her right to be free of illegal search and seizure under the Forth Amendment to the United States Constitution.

The City filed its answer and affirmative defenses to Plaintiff's complaint on May 17, 2007. (Doc. # 5). Thereafter, the City moved to file a counterclaim against Plaintiff. (Doc. # 7). The motion for leave to file a counterclaim was referred to United States Magistrate Judge Monte C. Richardson, and Judge Richardson granted the motion. Thereafter, Plaintiff filed her Motion of Plaintiff Requesting Assignment of Case to a District Judge (Doc. # 10). Plaintiff's case is currently assigned to the undersigned United States District Judge. Pursuant to the Local Rules of the Middle District of Florida and other applicable authorities, Plaintiff's case, upon filing, was assigned both a United States District Judge and a United States Magistrate Judge. Each judge is

assigned specific functions during the pendency of each case. As Plaintiff requests relief that has already been accomplished through this Court's normal procedures, Plaintiff's motion, requesting that her case be assigned to a District Judge, is denied as moot.

Further, on September 4, 2007, this Court entered an Order to Show Cause due to Plaintiff's failure to file a case management report. (Doc. # 13). This Court ordered Plaintiff to show cause on or before September 19, 2007, why the case should not be dismissed for lack of prosecution.

Plaintiff, rather than filing a response to the Order to Show Cause, filed her "Motion by Plaintiff Requesting Honorable Court to Continue Plaintiff's Case" (Doc. # 15), explaining that the parties met for their case management conference on September 13, 2007, and that the case management report was filed on September 17, 2007. (Doc. # 15). This Court reviewed the parties' case management report and thereafter entered its Case Management and Scheduling Order (Doc. # 16). Thus, no further action will be taken by this Court as to the Order to Show Cause, and Plaintiff's complaint is not subject to dismissal for failure to prosecute at this time. Plaintiff's "motion" is construed as a response to this Court's Order to Show Cause and is terminated.

The Court will now take this opportunity to warn Plaintiff that, although she is proceeding <u>pro se</u>, she is still required to

3

obey the rules governing litigants in this Court, including the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. This Court has the authority to sanction pro se litigants, even those who are indigent, if such parties fail to comply with court orders or engage in other misconduct. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. . . . If a pro se litigant ignores a discovery order, [s]he is and should be subject to sanctions like any other litigant.")

In addition to being moot, Plaintiffs' motion suffers from multiple procedural deficiencies. Plaintiff's motion fails to comply with Local Rule 3.01(g), M.D. Fla., which essentially requires the moving party to confer with opposing counsel prior to filing certain motions in order to ascertain whether the contemplated motion is opposed or unopposed and to report the same to the court in the motion.[1] In addition, Plaintiffs' motion fails

---

[1] Local Rule 3.01(g) provides in pertinent part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the

to comply with Local Rule 3.01(a), which requires that each motion contain a memorandum of legal authority in support of the relief requested in the motion.  Plaintiff is directed to familiarize herself with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure and to conduct herself accordingly.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Motion of Plaintiff Requesting Assignment of Case to a District Judge (Doc. # 10) is **DENIED AS MOOT**.

(2) Motion by Plaintiff Requesting Honorable Court to Continue Plaintiff's Case (Doc. # 15) is construed as a response to an Order to Show Cause and is **TERMINATED**.

(3) Plaintiff is directed to familiarize herself with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of October, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

Copies:   All Counsel of Record

Copies:   All Counsel of Record